20896

Vinnie Lee Tate RAY, Individually and as Administratrix of the Estate of Vinnie Tate, and David Tate, Jr., Appellants, v. Carrie Lark TATE, Executrix of the Last Will and Testament of David Tate, and as Devisee Under the Will of David Tate, and Lillian Brown, Remainder Devisee Under the Will of David Tate, Respondents.

(252 S. E. (2d) 568)

*Mario W. Schenkel,* Spartanburg, *for appellants.*

*Venable Vermont,* Spartanburg, *for respondents.*

February 23, 1979.

Moss, Acting Justice:

This appeal is from an order holding that after a paramour takes the one-fourth of an estate allowed by Code § 21-

7-480 (1976),[1] the remainder of the estate passes to the substituted beneficiary named in the will. We reverse, concluding the remainder of the estate passes by intestacy.

The testator, David Tate, married Vinnie Dawkins in the 1920's and legitimated her two youngest children, the appellants herein. The couple separated after eight years and Tate then began his liaison with Carrie Lark Tate. Although Tate attempted to marry her in 1942, this marriage was void as his prior marriage had not been dissolved.

David Tate and Carrie Lark Tate lived together until his death on September 1, 1976. By his will, Tate devised his entire estate to "my beloved wife, Carrie Lark Tate." He also provided: "In the event my above named wife, Carrie Lark Tate does not survive me, I hereby give, bequeath and devise all property owned by me at the time of my death . . . to my beloved wife's niece, Lillian Brown."

Appellants petitioned the probate court to have declared void their father's testamentary gift to respondent, Carrie Lark Tate, in excess of one-fourth of his estate, pursuant to Code § 21-7-480 (1976). The probate court ruled that the provisions of the will were violative of the above statute, that Tate died testate with respect to the one-fourth of this estate allowed by statute to pass to his paramour, and that he died intestate with respect to the remaining three-fourths of his estate. Accordingly, the court ruled that three-fourths of Tate's estate passed by intestacy to his two legitimate children, and that Lillian Brown took nothing.

Respondents, Carrie Lark Tate and Lillian Brown, appealed this decision to the circuit court. The circuit judge

[1] Code § 21-7-480 (1976) states: "If any person who is an inhabitant of this State or who has any estate therein shall beget any bastard child or shall live in adultery with a woman, such person having a wife or lawful children of his own living, and shall give, by legacy or devise, for the use and benefit of the woman with whom he lives in adultery or of his bastard child or children, any larger or greater proportion of the real clear value of his estate, real or personal, after paying of his debts than one-fourth part thereof, such legacy or devise shall be null and void for so much of the amount or value thereof as shall or may exceed such fourth part of his real and personal estate."

affirmed that portion of the probate court order holding that Carrie Lark Tate could receive only one-fourth of the estate by law, but reversed the portion holding that the remaining three-fourths of the estate should pass by intestacy. Instead, the circuit court concluded the balance of the estate should pass to Lillian Brown under the terms of the will.

Both parties concede that Carrie Lark Tate is limited to receiving one-fourth of Tate's estate by Code § 21-7-480 (1976). Accordingly, only the disposition of the remaining three-fourths of the estate is at issue.

Appellants assert the gift to Lillian Brown is substantial in nature and that therefore, it could not take effect until occurrence of the exact contingency named in the will, i. e., the death of Carrie Lark Tate before that of the testator. Respondents characterize the gift as a remainder interest which should accelerate upon failure of the prior estate.

Respondent's construction is incorrect. A remainder cannot follow a fee simple. See Simes, Law of Future Interests, p. 19 (1966). Appellants correctly characterize the gift to Lillian Brown as substitutional. According to Simes, the authorities are nearly unanimous that a gift "to A, and if he die in the lifetime of the testator, then to B," is substitutional in nature. *Id.* p. 199-200.

The following language from 96 C. J. S. Wills § 737, pp. 132-133 is apposite:

"[G]ifts are said to be substitutional when provision is made for someone to take the gift in the event of the death of the original beneficiary before the period of distribution. There is a clear distinction between gifts in remainder and substitutionary gifts; in the former case the failure of the particular estate, from whatever cause, may accelerate the gift in remainder; in the later case the gift does not take effect by way of acceleration but in place of the alternative gift when the exact contingency occurs."

Under the terms of David Tate's will, Lillian Brown could only take if Carrie Lark Tate failed to survive the testator. This condition did not occur. While she was prohibited by law from taking the remaining three-fourths of Tate's estate, the one-fourth permitted under Code § 21-7-480 vested in Carrie Lark Tate upon the testator's death. According to 96 C. J. S. Wills § 737, p. 133: "[W]ords of substitution become inoperative by the vesting of the gift, devise, or bequest in the primary taker." Thus, the substitutionary gift to Lillian Brown was eliminated when the preceding gift vested in Carrie Lark Tate. See *Ray v. Ray,* 270 N. C. 715, 155 S. E. (2d) 185 (1967).

The cases interpreting Code § 21-7-480 (1976) are clear that the statute does not prohibit a testator from giving his property to strangers. *Hull v. Hull,* 2 Strob. Eq. 174; *Breithaupt v. Bauskett,* 1 Rich. Eq. 465; *Taylor v. McRa,* 3 Rich. Eq. 96. Here, however, the gift to Lillian Brown is substitutional, and the very essence of a substitutional gift is that it vests *in place of* the preceding estate upon the happening of a specified contingency. Accordingly, when Carrie Lark Tate survived the testator and took the one-fourth portion of the estate allowed her by law, the substitutional gift to Lillian Brown became inoperative.

We reverse and reinstate the order of the probate court.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.